Phillip J. Griego, Esq. (SBN76616)
Robert E. Nuddleman, Esq. (SBN 190269)
Keith A. Ducote, Esq. (SBN 103107)
PHILLIP J. GRIEGO & ASSOCIATES
95 S. Market Street, Suite 520
San Jose, California 95113
(408) 293-6341

Attorneys for Phu Kee Restaurant, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO DONATO RODRIGUEZ,<br><br>           Plaintiff,<br><br>v.<br><br>PHU KEE RESTAURANT LLC, dba FU KEE RESTAURANT, and DOES 1-10,<br><br>           Defendants. | CASE NUMBER C07 060460 HRL<br>E-Filing<br><br>**DEFENDANT PHU KEE RESTAURANT LLC'S ANSWER TO COMPLAINT** |

## ANSWER TO COMPLAINT

Defendant, PHU KEE RESTAURANT LLC dba FU KEE RESTAURANT, hereby answers the Complaint for Damages filed by Plaintiff, ALEJANDRO DONATO RODRIGUEZ, as follows:

Pursuant to the Federal Rules of Civil Procedure Rule 9, Defendant generally denies each and every material allegation in the Complaint, as further set forth herein. As to the specific allegations contained in the enumerated complaint, Defendant responds:

**NATURE OF CLAIM**

1. As to paragraph 1, Defendant admits that plaintiff was employed by defendant, but denies that plaintiff was paid on a salary basis or that plaintiff was employed for the four years prior to filing of the complaint. Defendant admits this court is a proper venue for this suit. Defendant admits that plaintiff's complaint includes causes of action for liquidated damages under 29 U.S.C §216(b), waiting time penalties under California Labor Code §203, damages for inadequate pay statements under California Labor Code §226, and attorney's fees, costs, pre-judgment interest pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code §17203, but denies liability under those sections as set further forth below.

## PARTIES

2. Based on information and belief, Defendant admits the allegations of paragraph 2.

3. Defendant admits the allegations of paragraph 3.

4. Defendant has insufficient information to admit or deny the allegations of paragraph 4 and on that basis denies the allegations therein.

## GENERAL ALLEGATIONS

5. Defendant admits that plaintiff was an employee of defendant in San Jose, California. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 5.

6. Defendant admits that plaintiff was an employee of defendant in San Jose, California. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 6.

7. Defendant admits that plaintiff worked in excess of 8 hours per day and more than 40 hours per week. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 7.

8. Defendant denies that Plaintiff was paid on a salary basis.

9. Defendant admits that Plaintiff did not perform "exempt" duties. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 9.

10. Based on information and belief, Defendant admits that plaintiff did not maintain any professional license with the state or practice any recognized profession. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 10.

## COUNT ONE: VIOLATION OF LABOR CODE §510
## FAILURE TO PROPERLY PAY OVERTIME WAGES

11. Defendant re-alleges and incorporates its responses to paragraphs 1-10 as if fully stated herein.

12. Based on information and belief, Defendant admits that California Labor Code §510 requires overtime payments to non-exempt employees. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 12.

13. Defendant admits that plaintiff worked in excess of 8 hours per day and more than 40 hours per week. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 13.

14. Based on information and belief, Defendant admits that California Labor Code §1194 provides that it is unlawful for employers not to make required overtime payments and that employees not paid such payments can recover any monies owed by civil action. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 14.

15. Defendants admit plaintiff is owed overtime wages. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 15.

16. Defendant admits that it unintentionally failed to pay overtime. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 16.

17. Defendant admits that failing to pay overtime is unlawful. Except as specifically admitted herein, Defendnat denies the remaining allegations of paragraph 17.

18. Paragraph 18 does not contain any facts to admit or deny.

## COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PROPERLY PAY OVERTIME WAGES

19. Defendant re-alleges and incorporates its responses to paragraphs 1-19 as if fully stated herein.

20. Defendant is informed and believes and on that basis admits that plaintiff's employment was subject to the provisions of the FLSA. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 20.

21. Defendant admits that the FLSA requires non-exempt employees to receive overtime for work performed in excess of forty hours per week. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 21

22. Defendant admits that during his employment Plaintiff worked more than 40 hours per week. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 22.

23. Defendant admits that Plaintiff is owed overtime under the FLSA, but denies that plaintiff is owed overtime under both the FLSA and Labor Code §510 to the extent that recovery under one law compensates plaintiff for any overtime owed under the other law. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 23.

24. Defendant admits that plaintiff is owed overtime under the FLSA. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant admits that Plaintiff is owed overtime under the FLSA, but denies that plaintiff is owed overtime under both the FLSA and Labor Code §510 to the extent that recovery under one law compensates plaintiff for any overtime owed under the other law. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 26.

27. Defendant denies that plaintiff was required to retain legal assistance in order to bring this action. Defendant admits that the FLSA allows the court to award reasonable attorneys' fees to a prevailing plaintiff.

### COUNT THREE: VIOLATION OF CALIFORNIA LABOR CODE §201
### FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

28. Defendant re-alleges and incorporates its responses to paragraphs 1-27 as if fully stated herein.

29. Defendant admits that plaintiff is owed overtime wages. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 29.

30. Defendant admits that Labor Code §203 provides a penalty for willfully failing to pay all wages due immediately upon termination or within 72 hours of quitting. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 30.

31. Defendant admits that Defendant has not paid the overtime owed to date, but denies that the failure to pay resulted from defendant's refusal. Defendant further alleges that plaintiff is not entitled to any "waiting time" penalties because the failure to pay resulted, at least in part, because plaintiff secreted himself away. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 31

32. Paragraph 32 does not contain any facts to admit or deny.

33. Paragraph 33 does not contain any facts to admit or deny.

### COUNT FOUR: VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS
### CODE §17200 UNFAIR BUSINESS PRACTICES

34. Defendant re-alleges and incorporates its responses to paragraphs 1-33 as if fully stated herein.

35. Defendant admits that plaintiff was employed with defendant and that defendant was subject to the California Labor Code and applicable Wage Orders. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 35.

36. Defendant admits that plaintiff was employed with defendant and that defendant was subject to Business & Professions Code §17200, et seq. and that plaintiff is owed overtime wages. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 36

37. Defendant admits that plaintiff is owed overtime. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 37.

38. Defendant denies that it gained any competitive advantage over other employers and businesses with which defendants were in competition with. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 38.

39. Defendant denies that plaintiff is entitled to any relief other than payment of any unpaid overtime. Defendant alleges that this cause of action is duplicative of plaintiff's other causes of action. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant admits that plaintiff is owed overtime wages. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 41.

**COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226**
**INADEQUATE PAY STATEMENTS**

42. Defendant re-alleges and incorporates its responses to paragraphs 1-42 as if fully stated herein.

43. Defendant admits the allegations of paragraph 43.

44. Defendant admits the allegations of paragraph 44.

45. Defendant lacks sufficient information to admit or deny the allegations in paragraph 45, and on that basis denies all such allegations.

46. Defendant denies the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48.

Defendant's Answer to Complaint                                                                 6

49. Defendant denies the allegations of paragraph 49.

**PRAYER FOR RELIEF**

Defendant prays that:

1. Plaintiff takes nothing by his complaint;
2. Plaintiff's action be dismissed with prejudiced or that judgment be entered in favor of the defendant in this action;
3. Defendant recover its cost of suit herein;
4. Defendant be given any and all other relief to which it may be entitled.

**AFFIRMATIVE DEFENSES**

<u>First Affirmative Defense</u>

Plaintiff caused his own injury and damages, if any, by his own conduct and therefore Defendant is not liable for any damages or injury to Plaintiff.

<u>Second Affirmative Defense</u>

Plaintiff erroneously sued DOE defendants without leave of court.

<u>Third Affirmative Defense</u>

Plaintiff expressly consented to Defendant's actions and conduct.

<u>Fourth Affirmative Defense</u>

Defendant's actions were all taken in good faith, were justified under the circumstances, and not wilfull.

<u>Fifth Affirmative Defense</u>

Plaintiff secreted himself away and therefore waiting time penalties under Labor Code §203 are inapplicable.

<u>Sixth Affirmative Defense</u>

Defendant's Answer to Complaint    7

1  Plaintiff's entitlement, if any, to unpaid overtime for his claims under California state law are duplicative of his claims under the FLSA and any recovery under the FLSA should be reduced by the amount recovered under Plaintiff's state law claims.

### Seventh Affirmative Defense

Plaintiff's entitlement to injunctive relief under Count Four is duplicative of his claims under the FLSA and the state overtime claim and any recovery under the the overtime claims eliminates Plaintiff's unfair competition claim.

Dated: _____, 2004

Respectfully Submitted,

PHILLIP J. GRIEGO & ASSOCIATES

_____/s/_____
ROBERT E. NUDDLEMAN, ESQ.
Attorneys for Phu Kee Restaurant, LLC

Defendant's Answer to Complaint                                                8